**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SUCHANDRIMA MUKHERJEE, | No. CV 07-4384-PLA |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on July 12, 2007, seeking review of the Commissioner's denial of her application for Supplemental Security Income. The parties filed Consents to proceed before the undersigned Magistrate Judge on July 24, 2009, and July 29, 2009.[1] The parties filed a Joint Stipulation on February 21, 2008, that addresses their positions concerning the disputed issue in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

---

[1] This case was reassigned to the undersigned Magistrate Judge on July 23, 2009.

## II.

## **BACKGROUND**

Plaintiff was born on September 10, 1983. [Administrative Record ("AR") at 58.] She completed the twelfth grade, but her diploma was withheld. [AR at 86.] Plaintiff has no past relevant work experience. [AR 81.]

On January 13, 2004, plaintiff filed her application for Supplemental Security Income payments, alleging that she has been disabled since birth due to deafness, autism and mental retardation. [AR at 58-61, 80.] After her application was denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 23-34.] A hearing was held on August 7, 2006, at which time plaintiff appeared with counsel, but did not testify. [AR at 188-211.] Plaintiff's father was present and testified at the hearing. [AR at 193-209.] A sign language interpreter was also present and communicated the statements made during the hearing to plaintiff. [AR at 188-211.] On November 12, 2006, the ALJ determined that plaintiff did not establish United States residency on or before August 22, 1996, and thus was not eligible for Social Security Income payments. [AR at 14-18.] Plaintiff requested review of the hearing decision. [AR at 10.] When the Appeals Council denied plaintiff's request for review on May 3, 2007, the ALJ's decision became the final decision of the Commissioner. [AR at 5-9.] This action followed.

## III.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at

1257.  When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner.  Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.
## THE ALJ'S DECISION

Plaintiff contends that the ALJ's determination that she was not in the United States on or before August 22, 1996, and therefore is ineligible for Social Security Income ("SSI") payments, is not supported by substantial evidence and is based on legal error.  See Joint Stipulation ("Joint Stip.") at 4.

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996, also known as Public Law 104-193, sets forth the SSI eligibility criteria for aliens.  The Balanced Budget Act of 1997, also known as Public Law 105-33, amended the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 to allow qualified aliens who were lawfully residing in the United States on August 22, 1996, and who are blind and disabled, to be eligible for SSI benefits, provided all other eligibility requirements are met.  See 8 U.S.C.A. § 1612(a)(2)(F); see also Social Security Administration's Program Operations Manual ("POMS")[2] § SI 00502.142.

/

/

/

---

[2] Although the POMS "is an internal Social Security Administration manual, for the internal use of Social Security Administration employees, and has no legal force and does not bind the Social Security Administration" (Knott v. Barnhart, 269 F. Supp. 2d 1228, 1234 (E.D. Cal. 2003) (citation omitted)), it is persuasive authority.  See Hermes v. Secretary of Health & Human Servs., 926 F.2d 789, 791 n.1 (9th Cir. 1991).  The sections of the POMS referenced in this Order can be found on the Social Security Online database, at https://secure.ssa.gov/apps10/poms.nsf/partlist.

Disability is not at issue in this case. [AR at 17.] Rather, the issue is plaintiff's eligibility for SSI benefits based on her presence in the United States.[3] [AR at 17, 191-92.] In reliance on section SI 00502.142 of the POMS, the parties in the Joint Stipulation agree that in order to prove her eligibility for SSI benefits, plaintiff was required to establish lawful presence in the United States on or before August 22, 1996, and residency in the United States with the intent to continue living within the geographic limits of the United States. See Joint Stip. at 6, 9; see also POMS § SI 00502.142.

In the decision, the ALJ noted that a prerequisite to a determination on SSI eligibility for aliens is entry into the United States on or before August 22, 1996. [AR at 17.] The ALJ found that "[t]he record contains no documentary, or other corroborating evidence" that plaintiff entered the United States on or before August 22, 1996, which is the statutorily imposed operative date applicable to the alien eligibility criteria in this case. [AR at 16.] The ALJ determined that the testimony of plaintiff's father "lacks credibility because it is completely uncorroborated by material and competent evidence . . . ." [AR at 18.] In discounting the credibility of plaintiff's father, the ALJ indicated that plaintiff's father "would be motivated to establish the residency of [plaintiff] so that she would be eligible for SSI payments"; plaintiff failed to produce additional evidence despite being given an opportunity to do so; plaintiff's father's visa was issued on May 16, 1996, and his passport was stamped with entry into the United States on July 14, 1996, and while plaintiff's visa was also issued on May 16, 1996, her passport was not similarly stamped on July 14, 1996; none of the other documents are material to proving plaintiff's entry to the United States on or before the time of eligibility expiration; and "[t]here is really no corroboration or other inference" to suggest that plaintiff lived with her father in Detroit, Michigan, which is where he lived when he first entered the United States. [AR at 17-18.] Based on his review of the evidence presented, the ALJ determined that plaintiff is not eligible for SSI payments because she was not lawfully residing in the United States on or before August 22, 1996. [AR at 15, 17-18.]

---

[3] The ALJ noted that the Social Security Administration "has determined that, but for her ineligibility, [plaintiff] would be considered disabled and payments could be made." [AR at 17.]

4

In finding that plaintiff was not lawfully residing in the United States on or before August 22, 1996, the ALJ misstated the evidence in the record. See Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) (error for an ALJ to ignore or misstate the competent evidence in the record in order to justify his conclusion). The ALJ noted that plaintiff's father's visa was issued on May 16, 1996, and that his passport was stamped "admitted" on July 14, 1996, but incorrectly found that although plaintiff's visa was also issued on May 16, 1996, her passport was not similarly stamped "admitted" on July 14, 1996.[4] [AR at 16, 18.] Instead, the ALJ found, based on a subsequent visa that was issued on March 20, 2000, that plaintiff was admitted to the United States on August 13, 2000. [AR at 16.] This finding was insufficient as the ALJ failed to consider all of the pertinent evidence.

The record shows that plaintiff was lawfully residing in the United States on or before August 22, 1996. Specifically, the record contains a copy of plaintiff's visa, which was issued on May 16, 1996, along with her passport, which is in fact stamped "admitted" by the United States Immigration on July 14, 1996, in the state of New York, just like her father's visa. [AR at 62, 65, 75-77, 184-85.] Furthermore, plaintiff's father testified that he came to the United States in July, 1996, on an H1B "work visa" for employment purposes, together with his wife and plaintiff, with

---

[4] In the Joint Stipulation, defendant concedes that plaintiff's passport shows legal entry to the United States on July 14, 1996, as plaintiff asserts. Joint Stip. at 11. However, defendant argues that the issue of plaintiff's entry to the United States does not resolve the issue of permanent residence. Id. Although a determination as to permanent residency may be necessary (see 8 U.S.C.A. § 1641; see also 20 C.F.R. §§ 416.1600, 416.202; POMS §§ SI 00502.100, SI 00502.142), the ALJ did not specifically address this issue in the decision. Rather, the ALJ addressed the issue of whether plaintiff entered the United States on or before August 22, 1996, and determined that she had not. [AR at 16-18.] As such, defendant's *post hoc* attempt to justify the ALJ's decision by pointing to the issue of permanent residency is not sufficient to cure the error. See Vista Hill Foundation, Inc. v. Heckler, 767 F.2d 556, 559 (9th Cir. 1985) (a reviewing court may affirm an administrative decision only on grounds articulated by the agency); see also Barbato v. Commissioner of Social Sec. Admin., 923 F. Supp. 1273, 1276 (C.D. Cal. 1996) (a court may remand if the decision of the ALJ as to a claimant's entitlement to benefits on its face does not adequately explain how a conclusion was reached, even if Social Security Administration can offer proper *post hoc* explanations for such unexplained conclusions).

the intent to remain in the United States.[5] [AR at 194-98.] There are several documents in the record that lend support to the testimony of plaintiff's father, namely, letters from his employer verifying his employment since July 15, 1996, and stating that plaintiff was covered under the company's medical plan from July 15, 1996, through June 15, 2006; a lease agreement dated August 23, 1996; plaintiff's immunization report dated September 20, 1996; plaintiff's school records; and plaintiff's medical records reflecting treatment from 1997 through 2003.[6] [AR at 102-03, 105-06, 107-09, 111-76.] Given the admittance stamp on plaintiff's passport dated July 14, 1996, and the testimony of plaintiff's father, the ALJ erred by finding that plaintiff was not lawfully residing in the United States on August 22, 1996. Accordingly, remand is warranted to determine whether plaintiff meets the remaining eligibility requirements for SSI payments in light of her admittance to the United States on July 14, 1996.

---

[5] An ALJ can reject the testimony of lay witnesses as to how an impairment affects a claimant's ability to work only if he gives reasons germane to each witness whose testimony he rejects. See Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993) (in order to reject lay testimony, an ALJ must give reasons "germane to each witness" for doing so). The Court knows of no reason that this same standard would not also apply when reviewing non-impairment related credibility issues. As previously noted, the ALJ rejected the testimony of plaintiff's father based on lack of evidence to support his claim that plaintiff entered the United States on or before August 22, 1996, and improper motivation. See discussion, supra, p. 4. [AR at 17-18.] As discussed above, there is sufficient evidence to show plaintiff's lawful presence in the United States on or before August 22, 1996, and intent to continue living within the geographic limits of the United States. See discussion, supra, pp. 5-6. Moreover, the mere fact that plaintiff's father may have a financial interest in the outcome of the case is not a sufficient reason to reject his testimony. See Johnson v. Astrue, 2008 WL 4553141, *6 (C.D. Cal. Oct. 9, 2008) ("the Ninth Circuit has consistently held that bias cannot be presumed from a familial relationship"); see also 20 C.F.R. §§ 404.1513(d)(4), 416.913(d)(4) (the regulations clearly include "parents" as "other sources" who may provide evidence).

[6] Defendant's contention that the record contains no explanation for the different names on the various documents submitted by plaintiff, as a reason to discount those documents, is not well taken. Joint Stip. at 11-12. It seems relatively clear that the documents with the name "Jhumur Mukherjee," as well as the documents with the name "Jhumur S. Mukherjee" refer to plaintiff, especially given that plaintiff's date of birth of September 10, 1983, is reflected on many of the documents despite the use of different names [see, e.g., 20-22, 103, 111, 122, 141], and plaintiff's Ohio identification card reflects the name "Jhumur Suchandrima Mujherjee," and a date of birth of September 10, 1983. [AR at 69.]

## V.

## **REMAND FOR FURTHER PROCEEDINGS**

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate to properly consider whether plaintiff is eligible for SSI payments. The ALJ is instructed to take such further action as is deemed appropriate and consistent with this decision.

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

DATED: August 21, 2009

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE